IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

**HENRY IVEY** also known as Ivey Henry,
        **Plaintiff,**

VS.

CIVIL No: 5:16-CV-0337-MTT-MSH

**Officer GOINS, et al,**

        **Defendants**

## ORDER

Plaintiff Henry Ivey, an inmate currently confined at Central State Prison in Macon, Georgia, has filed a *pro se* pleading in this Court. On July 26, 2016, Plaintiff was ordered to recast his pleading and either pay the Court's filing fee - or a move to proceed *in forma pauperis*. *See* Order, ECF No. 5. Plaintiff was given twenty-one days to comply and warned that a failure to comply with an order of the court could result in the dismissal of his complaint. *Id*. The time allowed for compliance nonetheless expired without any response from Plaintiff; and the United States Magistrate Judge has since ordered Plaintiff to show cause why his lawsuit should not be dismissed for his failure to comply. *See* Show Cause Order, ECF No.6.

The time for filing a response to the show-cause order expired on or about October 17, 2016. Plaintiff has neither complied with the Court's Order nor shown good cause for his failure to do so. The Court in fact has not received any correspondence from Plaintiff since his original pleading was docketed on July 11, 2016. It thus appears that Plaintiff

either did not intend to initiate a civil action or no longer wishes to pursue his claim.

For these reasons, and because it does not appear that the relevant two-year statute of limitations would bar Plaintiff's from refiling his claims,[1] the present action is properly **DISMISSED** without prejudice for Plaintiff's failure to comply and/or diligently prosecute his case.  See Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") *See also*, 28 U.S.C. § 1915A(b) (authorizing *sua sponte* dismissal prior to service for failure to state a claim).

**SO ORDERED** this 13th day of January, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

1 The conduct of which Plaintiff complains appears to have been ongoing at the time of filing.  In the State of Georgia, § 1983 claims have a two-year statute of limitations. *Owens v. Okure*, 488 U.S. 235, 236 (1989), (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)); O.C.G.A. § 9-3-33 (1982).